UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAMZA MALDONADO, DARRYL
SMITH, DEVON WEAVER, JESSICA
GRAY, JAMES HILL, and ROMEO
LANGHORNE,

        Plaintiffs,

v.                                  Case No. 3:20-cv-524-J-39PDB

BAKER COUNTY SHERIFF'S OFFICE,
et al.,

        Defendants.
_____

**ORDER**

Plaintiffs are six inmates who were detained together at the Baker County Detention Center (BCDC). Plaintiffs initiated this lawsuit in the Circuit Court, Eighth Judicial Circuit, in and for Baker County, Florida, against the following Defendants: Baker County Sheriff's Office, BCCMC,[1] Baker County Detention Center, Evelyn Blue, Jessica Adrien Looby, Scotty Rhoden, Sam Kitching, Ronald Goodman, and Wyatt Martin Rhoden (Doc. 1-2; Doc. 1-3 at 3). Defendant Scotty Rhoden filed a notice of removal, requesting that this Court accept jurisdiction because the complaint alleges violations of the First, Fourth, Eighth, and Fourteenth Amendments. See Notice of Removal (Doc. 1).

---

[1] It is unclear what "BCCMC" stands for.

It appears the Plaintiff who prepared and filed the complaint (Doc. 3; Compl.) is Hamza Maldonado,[2] who is currently detained at the Nassau County Detention Center. The other five Plaintiffs remain at the BCDC. Plaintiffs allege Defendants "have engaged in [a] campaign [of] retaliation, organized crime (mafia like tactics) and arrant-libel [sic]." Compl. at 8. The 53-page complaint, which includes hundreds of pages of exhibits (Docs. 1-3 through 1-7), primarily concerns Plaintiffs Maldonado and Gray, who complain that officers at the BCDC would not allow them to engage in a loving relationship while detained together. Id. at 9. Plaintiffs assert the officers, out of retaliation, prevented Ms. Gray and Mr. Maldonado from "loving and caring for each other."[3] Id. Plaintiffs assert Defendants' actions amount to cruel and unusual punishment and are a violation of the universal declaration of human rights. Id. at 9, 11.

While the gravamen of the complaint is Defendants' alleged interference with Mr. Maldonado's relationship with Ms. Gray,

---

[2] Mr. Maldonado is also known by the first name "Samuel." Doc. 1-3 at 7, 27.

[3] According to a letter Mr. Maldonado included with his complaint, he met Ms. Gray on March 19, 2020, at a sick call appointment. Doc. 1-5 at 68. Plaintiffs believe the officers retaliated against them because Plaintiffs "are litigating against [the officers]" in other cases. Compl. at 10. Plaintiffs further allege officers prevent Ms. Gray and Mr. Maldonado from seeing each other "to deter them from working on legal matters together." Id. at 12 (footnote omitted).

Plaintiffs allege other perceived violations: invasion of privacy and unlawful search and seizure (as to Ms. Gray); cruel and unusual punishment in the form of a denial of access to the toilet (as to Mr. Maldonado); threats and intimidation (as to Ms. Gray); a denial of access to the courts in the form of limited access to the law library (as to Mr. Maldonado);[4] and retaliation (as to Plaintiffs Langhorne and Weaver).[5] Id. at 17-18, 26, 29-30, 32-33, 33 n.39, 35-36.

As relief, Plaintiffs seek nominal, compensatory, and punitive damages against each Defendant, litigation costs, appointment of counsel, and an order for a psychological evaluation of Defendants Rhoden[6] and Goodman. Id. at 48-49. At the end of their complaint, Plaintiffs move for entry of a temporary restraining order or preliminary injunction (Doc. 4; TRO Motion).

Plaintiffs have filed in this Court a motion to appoint counsel (Doc. 6) and a memorandum in opposition to the notice of removal (Doc. 7; Memo.). Defendants have filed a motion to dismiss

---

[4] Plaintiffs provide as an exhibit a letter Mr. Kitching wrote to Mr. Maldonado on April 6, 2020, advising Mr. Maldonado that his library access would be restricted to one hour per day during the week because Mr. Maldonado violated his privileges. See Doc. 1-3 at 20.

[5] It appears Hill and Smith are joined as Plaintiffs only because they are witnesses to some of the acts alleged in the complaint. See Compl. at 31, 37.

[6] Plaintiffs name two Defendants with the last name Rhoden, but they do not distinguish between the two.

(Doc. 8) and a response to Plaintiffs' TRO Motion (Doc. 9; TRO Resp.)

**A. TRO Motion**

Plaintiffs assert they "are in imminent danger of harm and or [sic] physical attack" based on the incidents relayed in the complaint and other past acts of violence against unnamed inmates. See TRO Motion at 1. In response, Defendants argue Plaintiffs' motion does not comply with the Court's Local Rules or the Federal Rules of Civil Procedure. TRO Resp. at 1. They further argue Plaintiffs fail to demonstrate irreparable injury. Id. at 2.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted

4

irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel, 234 F.3d at 1176.

Plaintiffs fail to carry their burden demonstrating injunctive relief is warranted. They merely complain of past incidents and offer no facts suggesting they face an imminent threat of harm in the future. Plaintiffs also fail to show a likelihood of success on the merits of their claims because they offer only their own, self-serving allegations. Moreover, they do not specify the nature of the injunctive relief they seek. Plaintiffs simply request "that a TRO and preliminary injunction be issued." TRO Motion at 2. Finally, the Plaintiff who appears to have signed and filed the complaint, Mr. Maldonado, is no longer housed at BCDC.[7] Thus, Plaintiff Maldonado's request for injunctive relief is moot. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding a prisoner's claims for injunctive relief based

---

[7] No Plaintiff signed the complaint by hand; Plaintiffs' signature lines contain only an electronic "signature." See Compl. at 52. Most of the allegations concern Mr. Maldonado and his relationship with Ms. Gray. Additionally, the exhibits primarily concern Mr. Maldonado's pending and previous lawsuits, including those he litigated in New York. Mr. Maldonado refers to the other Plaintiffs simply as his "legal helpers." See Doc. 1-6 at 41. Additionally, the final section of the complaint is titled, "in the opinion of Mr. Maldonado," giving the impression he has taken the lead in filing this lawsuit to further his personal interests and agenda. See Compl. at 46. Mr. Maldonado states, "Defendants clearly hate and dislike Mr. Maldonado . . . . Their hate is only further enhanced because he was not only a black man, but a black Muslim man [who] dares to love. . . a white Christian woman." Id.

5

on the conditions of his confinement "no longer presented a case or controversy" because he was transferred).[8]

### B. Notice of Removal & Opposition

One of eight served Defendants filed a notice of removal. See Notice of Removal (Doc. 1). The remaining Defendants, while represented by the same counsel, did not join the notice, nor have they filed separate notices indicating their consent to removal. See 28 U.S.C. § 1446(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

Plaintiffs oppose the notice of removal. See Memo. at 1-2. Plaintiffs, however, do not explicitly move to remand the case under 28 U.S.C. § 1447(c). Given Plaintiffs are proceeding pro se, the Court must liberally construe their filings. As such, the Court will afford Plaintiffs an opportunity to timely file a motion to remand the case in compliance with § 1447(c), which provides, "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

---

[8] While Plaintiffs' motion is not in compliance with applicable federal rules, Plaintiffs filed the motion in state court, not in this Court.

Accordingly, it is now

**ORDERED**:

1. Plaintiffs' motion for a temporary restraining order or preliminary injunction (Doc. 4) is **DENIED**.

2. If Plaintiffs intend to file a motion to remand the case, they must do so within the time prescribed under the statute. Otherwise, Plaintiffs must respond to Defendants' motion to dismiss (Doc. 8) by **July 6, 2020**.

3. Defendants must respond to Plaintiffs' motion to appoint counsel (Doc. 6) by **June 16, 2020**.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of June 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:  Pro se Plaintiffs
    Counsel of Record