UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAMZA MALDONADO, DARRYL
SMITH, DEVON WEAVER, JESSICA
GRAY, JAMES HILL, and ROMEO
LANGHORNE,

    Plaintiffs,

v.      Case No. 3:20-cv-524-J-39PDB

BAKER COUNTY SHERIFF'S OFFICE,
et al.,

    Defendants.
_____

**ORDER**

    Hamza Maldonado, a detainee at the Nassau County Detention Center (NCDC), initiated this action in state court on behalf of himself and five other inmates with whom he was detained at the Baker County Detention Center (BCDC). Defendants removed the case to this Court because the complaint alleges violations of the First, Fourth, Eighth, and Fourteenth Amendments. See Notice of Removal (Doc. 1).[1]

---

[1] Maldonado recently initiated multiple cases in state court, which defendants have removed. See Case Nos. 3:20-cv-00059-J-25PDB (dismissed as duplicative and for failure to prosecute); 3:20-cv-00083-J-25MCR (dismissed as duplicative); 3:20-cv-00364-J-32JBT (pending); 3:20-cv-00418-J-39PDB (pending); 3:20-cv-00638-J-34JRK (pending). In all pending cases, Defendants argue Plaintiff's complaint should be dismissed because he is an abusive litigant who has been filing frivolous lawsuits in state court to avoid application of the Prison Litigation Reform Act's (PLRA) three-strikes bar, 28 U.S.C. § 1915(g). See, e.g., Notice of Pendency of

Before the Court are various motions. First, Maldonado requests that the Court appoint counsel to represent him because he is indigent, has limited access to the law library, and will benefit from the assistance of a trained lawyer (Docs. 6, 18). A plaintiff in a civil case has no constitutional right to counsel, though a court may, in its discretion, ask an attorney to represent an indigent plaintiff. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). In deciding whether to appoint counsel, a court should consider the type and complexity of the case, whether the plaintiff can adequately investigate and present his case, and whether the case proceeds to trial. Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (cited with approval in Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 n.11 (11th Cir. 2013)).

At this early stage in the proceedings, Maldonado is not entitled to the appointment of counsel. Notably, Maldonado has moved the Court to remand this case to state court (Docs. 17, 21).[2] Moreover, Maldonado has demonstrated an ability to litigate on his own behalf. If the Court retains jurisdiction of this case and if

---

Related Cases (Doc. 11) (this case). One Judge of this Court recently dismissed one of Maldonado's cases, finding the three-strikes provision applies to him even though the case was removed from state court where Maldonado was proceeding in forma pauperis. See Order of Dismissal (Doc. 40), Case No. 3:20-cv-00193-J-25PDB (noting Maldonado has avoided the PLRA's restrictions "with impunity").

[2] The Court will rule on these motions after Defendants respond.

the case proceeds to a settlement conference or trial, Maldonado may renew his request.

Second, Plaintiff Gray moves the Court to drop her as a party to the action (Doc. 20). She represents Defendants do not oppose the relief she seeks. Per her request, the Court will drop Plaintiff Gray as a party to this action. See Fed. R. Civ. P. 21.

Finally, Maldonado requests that the Court arrest Ronald Goodman, an officer at the BCDC where his co-plaintiff, Romeo Langhorne, is housed (Docs. 22, 23). Maldonado asserts Mr. Langhorne wrote him a letter on June 22, 2020, informing him (Maldonado) that Goodman and other officers "beat[] people with impunity." Doc. 22 at 2. According to Maldonado, Mr. Langhorne reported that Goodman had threatened and beaten him (Langhorne) in the presence of another officer who intervened. Id. Maldonado says officers are attempting to cover up their "illegal acts" by denying Mr. Langhorne access to the law library and the phone. Id. at 3, 4. As relief, Maldonado asks that the Court notify the United States Marshal, direct the Sheriff's office to investigate, and detain Goodman. Id.; Doc. 23 at 1. In the alternative, Maldonado requests that Mr. Langhorne be transferred to the NCDC where Maldonado is housed. Doc. 22 at 3.

Maldonado mailed the motions (Docs. 22, 23) from the NCDC on June 23rd and 25th, respectively. Mr. Langhorne, who is housed at the BCDC, did not sign the motions. As such, the motions are not

3

properly before the Court. As a pro se litigant, Maldonado may not represent the interests of other inmates. Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (citing Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008) (noting the right to proceed pro se is an individual right that "does not extend to the representation of the interests of others")). If Mr. Langhorne believes officers have violated his civil rights, he should pursue administrative remedies and, after exhausting those remedies, may initiate a new civil rights action if he so chooses.

If any named plaintiff seeks relief related to this case, the plaintiff must submit a hand-signed motion in compliance with the Local Rules of this Court and the Federal Rules of Civil Procedure, and the plaintiff must mail the motion from that person's place of confinement. **The Court will not accept electronic signatures**. Maldonado is not permitted to seek relief on behalf of other inmates, nor may he sign pleadings or motions for others. Future motions that do not comply with Court rules or this Court's directives will be stricken. Additionally, the Court cautions Maldonado that the Local Rules of this Court allow for the imposition of sanctions against a party who improperly designates a motion as an emergency. See M.D. Fla. R. 3.01(e).

Accordingly, it is now

**ORDERED**:

1. Plaintiff Maldonado's motions for appointment of counsel (Docs. 6, 18) are **DENIED**.

2. Plaintiff Gray's motion to drop her as a party to this action (Doc. 20) is **GRANTED**. The Court directs the **Clerk** to terminate Plaintiff Gray as a party to this action.

3. Plaintiff Maldonado's motions to arrest Officer Ronald Goodman (Docs. 22, 23) are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of July 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Pro Se Plaintiffs
Counsel of Record

5