UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAMZA MALDONADO, DARRYL
SMITH, DEVON WEAVER, JESSICA
GRAY, JAMES HILL, and ROMEO
LANGHORNE,

        Plaintiffs,

v.                                              Case No. 3:20-cv-524-J-39PDB

BAKER COUNTY SHERIFF'S OFFICE,
et al.,

        Defendants.
_____

**ORDER**

Plaintiff Maldonado asks the Court to remand this case to state court under 28 U.S.C. § 1447(c) (Docs. 17, 21, 32)[1]. Defendants oppose Plaintiff's request (Doc. 30). Maldonado does not support his motions with a memorandum of law, and the reason he offers as the basis for the relief sought—that not all defendants joined the notice of removal per 28 U.S.C. § 1446(b)(2)(A)—is not entirely accurate. Though only one Defendant, Scotty Rhoden, filed the notice of removal (Doc. 1), all other

---

[1] After the Court directed Defendants to respond to Plaintiff's first two motions (Doc. 25), Plaintiff filed a third motion to remand (Doc. 32). It appears he did so because the Court cautioned him it would not accept filings with electronic signatures. See Order (Doc. 26).

served Defendants subsequently notified the Court that they consent to the removal (Doc. 14).[2]

While Maldonado does not artfully articulate the basis for his request, it appears he is entitled to the relief he seeks. Under § 1446, a defendant has thirty days after being served to petition for removal of the action. If one defendant petitions for removal, all properly joined and served defendants must unambiguously and timely consent. See § 1446(2)(A). See also Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008) ("The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective."). In cases with multiple defendants who were served on different dates, the thirty-day period to petition for removal or consent to removal runs from the date on which the last defendant was served. Id. at 1205.

A defect in the removal process serves as grounds for remand if such a motion is made within thirty days of the petition for removal. § 1447(c).[3] Removal statutes are to be strictly construed,

---

[2] One Defendant, an entity Plaintiff identifies as BCCMC, has not been served and, thus, cannot consent to the removal. See 28 U.S.C. § 1446(2)(A) (requiring only "properly joined and served" defendants to join in or consent to the removal of an action).

[3] Under the mailbox rule, Plaintiff filed his initial motion (Doc. 17) on June 16, 2020, within thirty days of the notice of removal being filed (Doc. 1). Thus, it is timely. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within

and "uncertainties as to removal jurisdiction are to be resolved in favor of remand." Bailey, 536 F.3d at 1207 (quoting Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001)). The removing party carries the burden to show the Court has removal jurisdiction. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) ("On a motion to remand, the removing party bears the burden of establishing jurisdiction.").

Upon review, it is not clear removal jurisdiction lies. Defendant Scotty Rhoden, who filed the notice of removal, was served on May 6, 2020, and he filed the removal notice within thirty days, on May 26, 2020. Other Defendants were served on May 6th, May 8th, and May 11th. Giving Defendants the benefit of the "last-served" rule, they were to consent to removal within thirty days of May 11, 2020, or by Wednesday, June 10, 2020. The remaining Defendants filed a notice consenting to removal on Thursday, June 11, 2020, one day late. Thus, it appears the removal notice is defective, entitling Maldonado to the relief he seeks under § 1447(c).

---

30 days after the filing of the notice of removal under section 1446(a)."

3

Because Defendants have the burden to show removal is appropriate and they have not briefed this issue, the Court finds Plaintiff Maldonado's motions to remand are due to be granted.[4]

Accordingly, it is now

**ORDERED**:

1. Plaintiff Maldonado's motions to remand (Docs. 17, 21, 32) are **granted**.

2. The **Clerk** is directed to remand the case back to the Circuit Court of the Eighth Judicial Circuit in and for Baker County, Florida, and to mail a certified copy of this Order to the Clerk of that court. After remand is effected, the **Clerk** shall terminate any pending motions and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of July 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Pro se Plaintiffs
Counsel of Record

---

[4] The Court afforded Defendants an opportunity to respond to Plaintiff Maldonado's motions (Doc. 25), which Defendants have done (Doc. 30). In their response, however, Defendants do not address timeliness. Instead, they interpreted the grounds for Plaintiff's motions to be that the unserved Defendant did not join the notice of removal. As noted above, the unserved Defendant's failure to join the notice of removal cannot serve as a basis to defeat removal jurisdiction.

4